UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Karyl Clarke, | Case No. 2:24-cv-01046-GMN-DJA |
| --- | --- |
| Plaintiff, | Order |
| v. | |
| City of North Las Vegas, et al., | |
| Defendants. | |

Pro se Plaintiff Karyl Clarke filed an application to proceed *in forma pauperis.* (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice. Also before the Court is Plaintiff's motion for leave to file electronically. (ECF No. 4). The Court grants Plaintiff's motion to file electronically.

**I.**     **Plaintiff's application to proceed *in forma pauperis.***

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On her application, Plaintiff claims that her only income is public assistance and that her only debts are her educational loans totaling $38,000. However, otherwise she claims to make no money from employment, have no money in a checking account, have no bills, have no property of any kind, and have no dependents. On the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is a house. Plaintiff does not provide any details in the application regarding how she pays rent, how she pays utilities or other bills, or how she lives considering her claim to have no money and no bills. The Court finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**II.       Plaintiff's motion for leave to file electronically.**

Under Local Rule IC 2-1(b), a *pro se* litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff appears to have access to a word processing program. Because the Court finds that Plaintiff is capable of filing electronically, it grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 23, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

**IT IS FURTHER ORDERED** Plaintiff's motion to file electronically (ECF No. 4) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff must comply with the following procedures to activate a CM/ECF account:

1. Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and finally, obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.

2. Plaintiff must read and comply with the guidelines available at

https://www.nvd.uscourts.gov/e-filing-permission/

DATED: June 24, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE