UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Karyl Clarke, | Case No. 2:24-cv-01046-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| City of North Las Vegas, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 6). Plaintiff also submitted a complaint. (ECF No. 1-2). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint. Because Plaintiff does not allege a claim upon which relief can be granted, the Court dismisses Plaintiff's complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 6). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995).

3  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule
5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
7  the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.
8  v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
10  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.
11  Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
12  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
13  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
14  allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the
15  line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.
16  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
17  drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
18  construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19  Federal courts are courts of limited jurisdiction and possess only that power authorized by
20  the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.
21  § 1331, federal courts have original jurisdiction over "all civil actions arising under the
22  Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when
23  federal law creates the cause of action or where the vindication of a right under state law
24  necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277
25  F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the
26  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
27  federal question is presented on the face of the plaintiff's properly pleaded complaint."
28  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.      Screening the complaint.**

Plaintiff sues the City of North Las Vegas, the Clark County School District ("CCSD"), the CCSD Police Department, Superintendent of CCSD Brenda Larsen-Mitchell, CCSD Police Department Commissioner Henry Blackeye, CCSD Principal Chris Stacey, CCSD Police Sergeant Evans, and Police Officer John Doe #2.[1] (ECF No. 1-2 at 1, 3, 5). He asserts that the Court has diversity jurisdiction over his claims because he is a citizen of Ohio, while the Defendants are citizens of Nevada. (*Id.* at 2). He also asserts that the Court has federal question jurisdiction over his claims because he is alleging violations of 42 U.S.C. § 1983. (*Id.*).

Plaintiff's allegations arise from his attempts in September and November of 2022 until November of 2023 to remove his child from school and CCSD's refusal to honor his requests. Plaintiff alleges that, he contacted Raul P. Elizondo Elementary School—where his child is a student—on September 15, 2022 after learning that his child was being bullied and physically attacked. (*Id.* at 4). Plaintiff asserts that the school refused to disclose any information to him because Plaintiff was not listed on school documents as a parent. (*Id.*). Plaintiff submitted court documents to Principal Stacey on November 7, 2022, showing that Plaintiff is responsible for the child. (*Id.*). But Plaintiff alleges that the school still denied him his parental rights. (*Id.*).

Specifically, on November 7, 2022, Plaintiff requested that Principal Stacey "present the child to Plaintiff," but Principal Stacey refused. (*Id.* at 5). Plaintiff alleges that Principal Stacey "orchestrated the secret removal of the child from school and the denial of the child her after school care program." (*Id.*). Plaintiff then requested all information related to two bullying

---

[1] Plaintiff lists Sergeant Evans as John Doe #1, despite providing his name.

incidents involving his child and asked that the documents be mailed to his home in Columbus, Ohio. (*Id.*). Plaintiff does not allege whether the school complied with this request.

A few days later, Plaintiff informed Principal Stacey via email and telephone that he intended to unenroll his child from school and requested the documents to do so along with all documents that the school had pertaining to his child. (*Id.*). Plaintiff also contacted the CCSD Police Department to report his concerns over his child's safety. (*Id.*). He spoke with CCSD Sergeant Evans, who "reaffirmed support as to [his] rights as a parent…" (*Id.*). Plaintiff then contacted local police, who explained that they had no jurisdiction over school matters. (*Id.*).

On November 22, 2022, Plaintiff returned to the school and "was immediately greeted/accosted by Principal Chris Stacey with a document." (*Id.* at 5-6). Plaintiff does not explain what the document was, but alleges that it contained "numerous errors, false allegations[,] and threats," which Principal Stacey read out loud in front of the school office. (*Id.*). Plaintiff alleges that he then contacted CCSD Police about the document and that Sergeant Evans arrived on scene. (*Id.*). However, Sergeant Evans "refused to take Plaintiff's criminal complaint pertaining to the physical assault/attack against Plaintiff's child as well as the illegal conduct by Principal Chris Stacey, for concealing and detaining Plaintiff's child against Plaintiff's instructions…" (*Id.*). Sergeant Evans also denied Plaintiff's "desire to execute a citizen's arrest against Principal Chris Stacey," and refused to retrieve Plaintiff's child. (*Id.*). When Sergeant Evans refused, Plaintiff contacted the North Las Vegas Police Department "in an effort to file a criminal complaint against Principal Chris Stacey," but the North Las Vegas Police Department again told Plaintiff that it had no jurisdiction over school matters. (*Id.*).

Sergeant Evans then informed Plaintiff that Sergeant Evans had contacted the family court and learned that Plaintiff had no rights to the child and told Plaintiff that if he remained within a mile of the school, he would be arrested. (*Id.*). Plaintiff "immediately went to the child custody court and called Sergeant Evans and requested the name of the individual who told him Plaintiff had no rights to the child," but Sergeant Evans became "hostile and belligerent; demanding to know [Plaintiff's] location to exactly in the court [sic] Plaintiff was located." (*Id.*). Plaintiff

asserts that, after he failed to learn who told Sergeant Evans that Plaintiff had no rights to the child, Plaintiff went back to California.² (*Id.* at 7).

Several weeks later, Plaintiff went back to the family courthouse for certain documents, but "was detained by Court Marshal[]s…as a result of fabricated information made by [Sergeant] Evans." (*Id.*). Plaintiff asserts that he was taken to the local jail by John Doe #2, where he stayed for "3-5 days." (*Id.*). Plaintiff alleges that upon his release he was missing his drivers license, which "transporting and/or booking school police officer[s]" confiscated. (*Id.*).

On September 12, 2023, "Clark County school officials made more false allegations against Plaintiff[,] claiming Plaintiff was st[alk]ing the school and/or students…" (*Id.*). Plaintiff does not explain who made these allegations, how, or in what format or forum. On November 25, 2023, "the child was again attacked by a male student," and CCSD employees (Plaintiff does not state who) obstructed his ability to inquire about the matter (Plaintiff does not state how). (*Id.*). Plaintiff claims that, while in court (he does not state when), he discovered that Principal Stacey made "false allegations against Plaintiff in an effort to have Plaintiff arrested for violating the order given on or about November 22, 2023." (*Id.*). Plaintiff does not explain what Principal Stacey said, when, or what the "order given on or about November 22, 2023" said or from where it originated.

Based on these facts, Plaintiff alleges that Principal Stacey and other CCSD employees (Plaintiff does not state who) have conspired to deprive him from participating in his child's schooling. (*Id.*). The Court liberally construes Plaintiff's complaint as alleging three causes of action: (1) unlawful arrest in violation of the Fourth Amendment against Sergeant Evans, John Doe #2, the City of North Las Vegas, CCSD Police Department, and CCSD Police Commissioner Blackeye; (2) violation of the Eighth Amendment against Principal Stacey, the City of North Las Vegas, CCSD, and CCSD Superintendent Larsen-Mitchell; and (3) libel against Principal Stacey, the City of North Las Vegas, CCSD, and CCSD Superintendent Larsen-Mitchell. (*Id.* at 8-10).

---

² Plaintiff does not explain the discrepancy between his allegations that he lives in Ohio and his assertion that he "went back to California."

### A. *Unlawful arrest.*

The Court interprets Plaintiff's first cause of action as one for unlawful arrest. Plaintiff titles his claim "unconstitutional seizure" and alleges that "Sergeant Evans and JOHN DOE #2…conspired to intentionally stop and deprive Plaintiff of his right to liberty when they wrongfully detained…Plaintiff…by handcuffing, and using their authority, patrol vehicle[,] and jail cell as a physical barrier for imprisonment." (ECF No. 1-2 at 8). Plaintiff also alleges that the City of North Las Vegas, CCSD Police Department, and CCSD Police Commissioner Henry Blackeye are liable under both a theory of *respondeat superior* and "because they provided the vehicle, uniform, and auxiliary equipment used to commit the seizure and without it such seizure would have been difficult to accomplish." (*Id.* at 9). Finally, Plaintiff alleges that the City of North Las Vegas, CCSD Police Department, and CCSD Police Commissioner Henry Blackeye are liable under a failure-to-train theory, alleging that they are "responsible for the hiring, training, continued training, guidance, and discipline of Defendants Sergeant Evans and JOHN DOE #2…" (*Id.*).

"A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

### 1. Sergeant Evans.

The Court dismisses Plaintiff's Fourth Amendment claim against Sergeant Evans without prejudice because, while Plaintiff alleges that Sergeant Evans threatened to arrest him, Plaintiff does not allege that Sergeant Evans actually arrested him. He claims that family courthouse marshals detained him "as a result of fabricated information made by Sgt. Evans." (ECF No. 1-2

at 7). But Plaintiff provides no further detail about how Sergeant Evans contributed to him being arrested by the family court marshals.

### 2. John Doe #2.

The Court dismisses Plaintiff's Fourth Amendment claim against John Doe #2. Plaintiff alleges that John Doe #2 took him to the local jail after family court marshals detained him. (ECF No. 1-2 at 7). But again, Plaintiff simply asserts that John Doe #2 transported Plaintiff to the jail after he had been arrested, not that John Doe #2 was the one to arrest him. And Plaintiff does not otherwise bring claims against the family court marshals.

### 3. City of North Las Vegas, CCSD Police Department, and CCSD Police Commissioner Blackeye.

The Court dismisses Plaintiff's Fourth Amendment claims against these three Defendants. Plaintiff cannot bring his Fourth Amendment claim against these Defendants on a theory of *respondeat superior* because "[t]here is no *respondeat superior* liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (cleaned up) (emphasis added). Nor can he bring his Fourth Amendment claim on a theory that these Defendants provided the resources used to arrest him. This is because, although the resources facilitated Plaintiff's arrest, Plaintiff's arrest was not a *product* of Defendants' provision of resources. While municipal bodies can be sued directly under § 1983, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To state a claim for municipal or county liability, a plaintiff must allege that "the execution of the government's policy or custom…inflicts the injury." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (internal citations omitted). Defendants' policy of providing resources to their employees did not *cause* Plaintiff's alleged constitutional deprivations.

Plaintiff's claims brought against these Defendants on a failure-to-train theory also fail. While government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* liability, a supervisor may be held liable in his individual capacity where he "was personally involved in the constitutional deprivation or a

sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010). Supervisors can be held liable for: (1) their own culpable action in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others. *Edgerly*, 599 F.3d at 961. Plaintiff does not allege how these Defendants were personally involved in the constitutional deprivations he alleges. While he alleges that the City of North Las Vegas, the CCSD Police Department, and CCSD Police Commissioner Blackeye were "responsible for the hiring, training, continued training, guidance, and discipline of Defendants Sergeant Evans and JOHN DOE #2," this allegation is conclusory and does not state sufficient facts to state a colorable claim.

### B. Eighth Amendment violations.

Plaintiff alleges that Principal Stacey, the City of North Las Vegas, CCSD, and CCSD Superintendent Larsen-Mitchell violated the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. However, Plaintiff alleges no facts that would support an Eighth Amendment claim. Instead, it appears that Plaintiff is attempting to assert his libel claim. The Court thus dismisses Plaintiff's Eighth Amendment claim and addresses Plaintiff's libel claim below.[3]

---

[3] To the extent Plaintiff is asserting the Eighth Amendment related to his detention after his arrest—which arises more appropriately under the Fourteenth Amendment because Plaintiff was a pretrial detainee—the Court provides the legal standard for these claims below so that Plaintiff may reference them if he chooses to amend his complaint:

Inmates who sue prison officials for injuries sustained while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979) (explaining that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction); *see Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) ("medical care claims brought by pretrial detainees ... arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause.") (internal citations and quotations omitted). The Due Process Clause of the Fourteenth Amendment permits the state to subject pretrial detainees to conditions

**C.    Libel.**

Plaintiff alleges that Principal Stacey defamed him when Principal Stacey "composed and verbalized false allegations against PLAINTIFF in a public place." (ECF No. 1-2 at 9). He alleges that Principal Stacey took these actions in an official capacity as the principal of Raul P. Elizondo Elementary School. (*Id.* at 10). He alleges that the City of North Las Vegas, CCSD, and CCSD Superintended Larsen-Mitchell are also responsible under a theory of *respondeat superior* and negligent failure-to-train and failure-to-discipline. (*Id.*).

Libel is a written form of defamation while slander is a spoken form. *Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003). To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel).

        1.    <u>Principal Stacey.</u>

The Court dismisses Plaintiff's defamation claim against Principal Stacey because Plaintiff does not identify the false statements Principal Stacey allegedly wrote or said. The Federal Rule of Civil Procedure 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the …claim is and the grounds upon which it rests." *Bell Atlantic*

---

and restrictions of a detention facility as long as those conditions and restrictions do not amount to a punishment. *Bell*, 441 U.S. at 535-37. To prevail on a claim that the conditions of confinement violate the Due Process Clause of the Fourteenth Amendment, a plaintiff must meet both the objective and subjective prongs of the test for cruel and unusual punishment under the Eighth Amendment. *Morgan v. City of Henderson*, No. 2:09-cv-01392-RCJ, 2011 WL 5373979, at *3 (D. Nev. Nov. 4, 2011). To meet the objective prong, an inmate must show that the deprivation caused by the official's act or omission is sufficiently serious to result in the denial of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective prong requires that an inmate demonstrate that prison officials acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) . Deliberate indifference requires that an official be aware of the condition. *Id.* at 837.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Without more, Plaintiff's claim that Principal Stacey defamed him does not provide Principal Stacey with fair notice of Plaintiff's claims.

        2.       <u>The City of North Las Vegas, CCSD, CCSD Superintendent Larsen-Mitchell.</u>

Plaintiff's defamation claims against the City of North Las Vegas, CCSD, and CCSD Superintendent Larsen-Mitchell, brought under theories of *respondeat superior*, negligent failure-to-train, and negligent failure-to-discipline also fail.  Plaintiff's claims brought via *respondeat superior* fail because, although Plaintiff alleges that Principal Stacey made the statements in an employment capacity, this allegation is conclusory because Plaintiff has not identified the statements.  "[*R*]*espondeat superior* liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment." *Molina v. Asher*, 618 P.2d 878, 879 (Nev. 1980) (emphasis added).  While Plaintiff alleges that Principal Stacey read from the "document" in front of school office occupants, Plaintiff's failure to allege what those statements were or what the document was make it impossible for the Court and for Defendants to determine whether Principal Stacey made those statements in the scope of his employment.

Additionally, Plaintiff's failure-to-train and failure-to-discipline claims fail because they are too conclusory.  Plaintiff alleges that these Defendants "failed to properly train, investigate, discipline, and remove employees that are known to them to have engaged and continue to engage in harmful conduct against individuals/parents of Raul P. Elizondo Elementary School." (ECF No. 1-2 at 10).  Plaintiff does not allege which Defendant was responsible for training or disciplining Principal Stacey or how they failed to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-2) on the docket, but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **September 26, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: August 27, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE