**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Karyl Clarke, | Case No. 2:24-cv-01046-GMN-DJA |
| Plaintiff, | |
| v. | **Order** <br> **and** <br> **Report and Recommendation** |
| Clark County School District, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Karyl Clarke's motion to amend his complaint a second time. (ECF No. 32). Plaintiff seeks to add three Defendants—the Eighth Judicial District Court Marshals Service,[1] and its Marshals John Doe #1 and John Doe #2[2]—and to correct certain deficiencies in his complaint. Because Plaintiff has timely moved to amend his complaint before the deadline[3] and because Defendants have not responded to Plaintiff's motion,[4] constituting their consent to the Court granting it, the Court will recommend granting Plaintiff's motion to amend. The Court further recommends dismissing the Eighth Judicial District Court Marshals Service as

---

[1] Plaintiff refers to this Defendant as the "Eighth Judicial District Court Marshals." For clarity, and to distinguish this Defendant from the Eighth Judicial District Court Marshals John Doe #1 and John Doe #2, the Court refers to this Defendant as the "Eighth Judicial District Court Marshals *Service*."

[2] Plaintiff previously named John Doe #1 as a Defendant. In his amended complaint Plaintiff adds John Doe #1 and John Doe #2 and changes the previously named "John Doe #1" to "John Doe #3." Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[3] (ECF No. 29) (setting the deadline to amend pleadings and add parties for July 15, 2025).

[4] Defendants initially moved for an extension to respond to Plaintiff's motion, which motion to extend the Court granted, ultimately providing Defendants until October 10, 2025, to respond. (ECF Nos. 33, 35). Defendants did not respond by that date.

a Defendant and dismissing Plaintiff's claim for excessive force as alleged against the Defendants who have not yet appeared.

Plaintiff also moves to extend and stay discovery pending the outcome of his motion to amend. (ECF No. 36). Defendants do not oppose that motion. (ECF No. 37). The Court grants Plaintiff's motion to extend.

## I.    Discussion.

### A.    Motion to extend discovery (ECF No. 36).

Turning first to Plaintiff's motion to extend discovery, Plaintiff asks the Court to "toll" any current discovery deadlines and instruct the parties to meet and confer within twenty-one days of the Court's decision on Plaintiff's motion to amend. (ECF No. 36). Plaintiff filed his motion on November 26, 2025, after nearly all of the scheduling order deadlines, except the joint pretrial order deadline, had passed. Nonetheless, given Plaintiff's arguments that he will need to conduct additional discovery in the event his motion to amend is granted, and given Plaintiff's pro se status and Defendants' non-opposition, the Court finds good cause and excusable neglect. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. The Court will therefore grant Plaintiff's motion. The parties must meet and confer and submit a proposed extended discovery plan on or before February 10, 2026.

### B.    Motion to amend (ECF No. 32).

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Despite seeking an extension, Defendants did not respond to Plaintiff's motion by the extended deadline that they proposed. Defendants' failure to respond constitutes their consent to the Court granting the motion. *See* LR 7-2(d). Additionally, the Court does not find that Plaintiff has moved in bad faith, that Plaintiff has unduly delayed, that the amendment would prejudice Defendants, that the amendment would be futile, or that Plaintiff has tried and failed on multiple occasions to amend the complaint. So, the Court will recommend granting Plaintiff's motion.

### C.    Screening.

The Court will screen Plaintiff's amended complaint as to the claims he brings against the Eighth Judicial District Court Marshals Service, Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 only. It does not screen the claims that Plaintiff brings against Defendants CCSD, the CCSD Police Department, Principal Stacey, or Sergeant Evans because they have already been served and are participating in the case. This is because 28 U.S.C. § 1915(e)(2)[5] does not obligate the Court to screen every proposed amended complaint, especially "where service of process has been effectuated and Defendants are participating in the

---

[5] 28 U.S.C. § 1915(e)(2) is a codified portion of the Prison Litigation Reform Act that applies to all *in forma pauperis* complaints, not just those filed by prisoners, and so applies to Plaintiff's case even though he is not incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

case." *Collins v. NDOC*, No. 2:22-cv-01795-CDS-BNW, 2024 WL 2061010, at *1 (D. Nev. Jan. 26, 2024); *see Joshua v. Oliver*, No. 2:23-cv-01087-MMD-MDC, 2024 WL 4891858, at *2 (D. Nev. Nov. 25, 2024) (compiling cases).

As it relates to the Eighth Judicial District Court Marshals Service, Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3, Plaintiff alleges that on December 9, 2022, he visited the courthouse and was surrounded, searched, detained, handcuffed, and imprisoned in a jail cell by Marshals John Doe #1 and John Doe #2 without any legal basis. (ECF No. 32 at 14). The Eighth Judicial District Court Marshals (Plaintiff does not specify whom) told Plaintiff that Sergeant Evans had requested that they detain Plaintiff. (*Id.* at 15). A few hours later CCSD Police Officer John Doe #3 (formerly John Doe #1) forced Plaintiff to remove his clothing and then searched, detained, arrested, and transported Plaintiff to the Clark County Detention Center in a CCSD patrol vehicle, all without a warrant or a complaint against him. (*Id.*). CCSD Police Officer John Doe #3 also confiscated Plaintiff's driver's license. (*Id.*). Plaintiff was detained for "3-5 days" and was missing his driver's license upon his release. (*Id.*). Plaintiff alleges that he had not violated any law which would cause the Marshals or CCSD Police to arrest him. (*Id.*). Plaintiff brings eight causes of action against these Defendants.

    1.    <u>Plaintiff's claims against the Eighth Judicial District Court Marshals Service.</u>

As a preliminary matter, the Court recommends dismissing Plaintiff's claims against the Eighth Judicial District Court Marshals Service with prejudice and without leave to amend because amendment would be futile. Plaintiff seeks to hold this Defendant liable for the actions of Marshals John Doe #1 and John Doe #2 as their employer. However, Marshals of the Eighth Judicial District Court are employed by the court. *Clark County Deputy Marshals Association v. Clark County*, 578 P.3d 134, 141 (Nev. 2025). So, the Court liberally construes Plaintiff's complaint as naming the Eighth Judicial District Court.

Plaintiff's claims against the Eighth Judicial District Court fail for two reasons. First the Eighth Judicial District Court is an agency of the state and, under the Eleventh Amendment, neither a state nor its agencies can be sued in federal court without its consent. *O'Connor v. State*

*of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); *See Kotab v. Eighth Judicial District Court*, No. 2:24-cv-00324-MMD-NJK, 2024 WL 1744705, at *2 n.3 (D. Nev. Apr. 23, 2024). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. *See* Nev. Rev. Stat. § 41.031(3). Second, Plaintiff's claims arising under 42 U.S.C. § 1983 would fail against the Eighth Judicial District Court because it is not a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989) ("That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance ...."). The Court therefore recommends dismissing Plaintiff's claims against the Eighth Judicial District Court with prejudice and without leave to amend.

### 2.    Unlawful arrest.

Plaintiff titles his first claim "Violation of 42 U.S.C. § 1983 Unconstitutional Seizure." The Court liberally construes this as a claim for unlawful arrest. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)). Plaintiff alleges that Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3 arrested him without probable cause and simply at the behest of Sergeant Evans despite Plaintiff committing no crime. Plaintiff therefore alleges a colorable claim for unlawful arrest against these Defendants.

### 3.    False imprisonment.

Plaintiff titles his second cause of action, "Violation of 42 U.S.C. § 1983 False Arrest and Imprisonment." Given Plaintiff's allegations, the Court liberally construes this cause of action as a claim for false imprisonment arising under Nevada law rather than federal law. To assert a false imprisonment claim in Nevada, the plaintiff must prove (1) the defendant acted intending to

confine plaintiff within boundaries fixed by the defendant; (2) the defendant's act directly resulted in such a confinement of the plaintiff; and (3) the plaintiff is conscious of the confinement or was harmed by it. *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981). Here, Plaintiff alleges that Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 intended and did confine him in a jail cell and a patrol vehicle and that he was conscious of the confinement and suffered harm. Plaintiff has alleged a colorable claim for false imprisonment against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

### 4.    Excessive force.

Plaintiff titles his third cause of action "Violation of 42 U.S.C. § 1983 Excessive Use of Force." Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 201). In analyzing an excessive force allegation, courts ask "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotations omitted). Plaintiff alleges that Marshals John Doe #1, John Doe #2, and CCSD Police Officer John Doe #3 used excessive force when arresting and detaining him. But Plaintiff does not describe this force other than stating that the Defendants touched him, handcuffed him, and "forcefully moved" him against his will. Without more facts, this is not enough to allege a colorable claim for excessive force.

### 5.    Unreasonable search and seizure.

Plaintiff titles his fourth cause of action "Violation of 42 U.S.C. § 1983 Unreasonable Search." However, Plaintiff brings this claim under the United States Constitution and the Nevada Constitution. The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures by the Government. *United States v. Valde-Vega*, 685 F.3d 1138, 1143 (9th Cir. 2012). Article I, Section 18 of the Nevada Constitution, similar to the Fourth Amendment of the United States Constitution, protects an individual's right to be free from unreasonable searches and seizures. *See Mack v. Williams*, 522 P.3d 434, 451 (Nev. 2022). For the purposes of screening Plaintiff's complaint, the Court will assume that the protections

under each are the same, as other courts in the District of Nevada have done. *See, e.g., Braxton v. Clark County School District*, No. 2:23-cv-00144-JAD-BNW, 2023 WL 11284282, at *2 (D. Nev. Nov. 8, 2023); *Bates v. Las Vegas Metro. Police Dep't*, No. 2:22-cv-00957-CDS-EJY, ECF No. 19 at *7-8 (D. Nev. Mar. 13, 2023) (citing *Edwards v. Estill*, Case No. 2:19-cv-01268-GMN-VCF, 2020 WL 6286233, at *4 (D. Nev. Oct. 26, 2020)); *Meisler v. Chrzanowski*, Case No. 3:12-cv-00487-MMD-WGC, 2015 WL 6123225, at *1 n.2 (D. Nev. Oct. 16, 2015); *Cortes v. State*, 260 P.3d 184, 191 n.6 (Nev. 2011).

Warrantless searches by law enforcement officers are *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. *United States v. Cervantes*, 678 F.3d 798, 802 (9th Cir 2012). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *Arizona v. Grant*, 556 U.S. 332, 338 (2009). Plaintiff alleges that Marshal John Doe #1 and Marshal John Doe #2 searched Plaintiff upon arresting him without any legal cause. Plaintiff alleges that CCSD Police Officer John Doe #3 forced Plaintiff to remove his clothing, searched him, and seized his driver's license upon arresting him without any legal cause. So, Plaintiff has alleged a colorable claim of unreasonable search and seizure against Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 under the Fourth Amendment of the United States Constitution and under the Nevada Constitution.

### 6.   Assault.

Plaintiff's fifth cause of action is for assault. Plaintiff's assault claim arises under Nevada law. To establish a claim for assault, a plaintiff must show that the defendant (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact. Restatement (Second) of Torts, § 21 (1965); *Burns v. Mayer*, 175 F.Supp.2d 1259, 1269 (D. Nev. 2001). Here, Plaintiff alleges that Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3 intended to cause an offensive physical contact with Plaintiff when they approached him to arrest him and that Plaintiff apprehended such contact. So, Plaintiff has alleged a colorable claim of assault against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

7. Battery.

Plaintiff's sixth cause of action is for battery. Plaintiff's battery claim arises under Nevada law. To establish a battery claim, a plaintiff must show that the defendant (1) intended to cause harmful or offensive contact, and (2) such contact did occur. Restatement (Second) of Torts, §§ 13, 18 (1965); *Burns v. Mayer*, 175 F.Supp.2d 1259, 1269 (D. Nev. 2001). Plaintiff alleges that Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3 intentionally touched him when they arrested him and that Plaintiff did not do anything to warrant their arrest. So, Plaintiff has alleged a colorable claim of battery against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

8. Intentional infliction of emotional distress.

Plaintiff's seventh cause of action is for intentional infliction of emotional distress. Plaintiff's intentional infliction of emotional distress claim arises under Nevada law. To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Welder v. Univ. of S. Nevada*, 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (quoting *Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 886 (1999)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations omitted). Plaintiff alleges that Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3 acted outrageously when they arrested him without probable cause, which arrest caused Plaintiff to suffer emotional distress. So, Plaintiff has alleged a colorable claim of intentional infliction of emotional distress against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

9. Negligent infliction of emotional distress.

Plaintiff's eighth cause of action is titled "Violation of 42 Negligent Infliction of Emotional Distress." This appears to be a typographical error. Nonetheless, Nevada recognizes

that a direct victim of a negligent act may "be able to assert a negligence claim that includes emotional distress as part of the damage suffered." *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995). So, "negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff." *Id.* In negligent infliction of emotional distress claims, "if emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Ferm v. McCarty*, No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014); (quoting *Bermettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998)). As outlined below, Plaintiff has brought a negligence claim against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3 that the Court allows to proceed. Plaintiff alleges that, because of these Defendants' negligent conduct, he "has suffered and continues to suffer physical symptoms, pain, anguish, severe emotional trauma, and humiliation…" Although Plaintiff does not describe his physical symptoms, because this case is at the screening stage, and because negligent infliction of emotional distress is an element of damages for negligence, the Court will allow this cause of action to proceed against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

10.     Negligence.

Plaintiff ninth cause of action is for negligence. Plaintiff's negligence claim arises under Nevada law. To state a claim for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1267 (Nev. 2014). Whether a defendant owes a plaintiff a duty of care is question of law. *Scialabba v. Brandise Constr. Co. Inc.*, 921 P.2d 928, 930 (Nev. 1996). "Police officers unquestionably owe a duty of care to the general public." *Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 51 F.Supp.3d 999, 1014 (D. Nev. 2014) *reversed on other grounds by Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 670 Fed. App'x 617 (9th Cir. 2016). Liberally construing Plaintiff's complaint, Plaintiff alleges that Marshals John Doe #1 and John Doe #2 and

CCSD Police Officer John Doe #3 violated their duty of care to Plaintiff when they arrested, searched, and detained him without cause, which caused his injuries. So, Plaintiff has alleged a colorable claim of negligence against Marshals John Doe #1 and John Doe #2 and CCSD Police Officer John Doe #3.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend discovery (ECF No. 36) is **granted.** The parties shall have until **February 10, 2026,** to meet and confer and submit a stipulated proposed amended discovery plan.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 32) be **granted** and that the Clerk of Court be directed to detach Plaintiff's second amended complaint (ECF No. 32 at 9-34) and file it on the docket.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the Eighth Judicial District Court be dismissed with prejudice and without leave to amend.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim for excessive force against Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 be dismissed without prejudice and with leave to amend.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims arising under 42 U.S.C. § 1983 for unlawful arrest and unreasonable search and seizure be permitted to proceed against Marshal John Doe #1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 once Plaintiff learns their identities.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims arising under Nevada law for false imprisonment, unreasonable search and seizure, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress as an element of damages related to Plaintiff's negligence claim, and negligence be permitted to proceed against Marshal John Doe

#1, Marshal John Doe #2, and CCSD Police Officer John Doe #3 once Plaintiff learns their identities.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: January 20, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE